IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BILLY JOHN ROBERSON,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:20-CV-2310-L-BH |
| ) | |
| **DA JOHN CREUZOT,** ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Petition for Writ of Habeas Corpus Under 28 U.S.C. Section 2241*, received on August 18, 2020 (doc. 8). Because it challenges a conviction and sentence, it should be construed as a successive petition under 28 U.S.C. § 2254 and **DISMISSED** without prejudice for lack of jurisdiction.

### I.   BACKGROUND

Billy John Roberson (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking to vacate his 2005 conviction and 6-year sentence in in Cause No. F03-45525 in the 292nd Judicial District Court of Dallas County, Texas, for aggravated assault with a deadly weapon. (*See* docs. 3, 8; https://opublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts (last visited September 1, 2020)). He names John Creuzot, District Attorney of Dallas County, as the respondent.

On July 27, 2005, Petitioner filed a federal civil rights lawsuit seeking monetary damages and immediate release from incarceration. (*See* No. 3:05-CV-1490-P, docs. 1, 24, 31.) On March 7, 2006, his civil rights claim for monetary damages was denied with prejudice, and the remainder of his lawsuit was construed as a § 2254 petition and dismissed without prejudice for failure to

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

exhaust state remedies. *See Roberson v. Texas*, No. 3:05-CV-1490-P, 2006 WL 8437513, at *2 (N.D. Tex. Mar. 7, 2006). He subsequently filed three § 2254 petitions challenging his conviction and sentence, all of which also were dismissed without prejudice for failure to exhaust state remedies. (*See* No. 3:06-CV-0739-R, docs. 5, 6); *Roberson v. Quarterman*, No. 3:06-CV-1751-B, 2006 WL 2945572, at *2 (N.D. Tex. Oct. 11, 2006); *Roberson v. Quarterman*, No. 3:06-CV-1786-M, 2006 WL 3327654, at *2 (N.D. Tex. Nov. 14, 2006).

On February 22, 2007, Petitioner filed another § 2254 petition challenging his conviction and sentence on the grounds that "(1) the evidence was insufficient to support his conviction; (2) the prosecutor failed to disclose evidence favorable to the defense; and (3) he received ineffective assistance of counsel." *Roberson v. Quarterman*, No. 3-07-CV-0339-B, 2007 WL 4373267, at *1 (N.D. Tex. Dec. 13, 2007). It was denied on December 13, 2007. *See id.* at *4. On April 9, 2008, he filed a § 2254 petition based on the same grounds but added a claim for lack of service of the citation or indictment. *See Roberson v. Quarterman*, No. 3:08-CV-509-P, at *1 (N.D. Tex. July 20, 2008). The petition was transferred to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) as a successive § 2254 petition. *See id.* at *2. On October 7, 2008, the Fifth Circuit denied authorization to file a successive § 2254 petition. *See In re: Billy John Roberson*, No. 08-10700 (5th Cir. Oct. 7, 2008).

The current petition argues that his conviction and sentence should be vacated on five grounds: (1) the alleged victim of his crime has come forward with a notarized statement that the crime for which Petitioner was convicted never happened, that her testimony was coerced, and that Petitioner was wrongfully convicted for something that never transpired; (2) he is entitled to relief under Penal Code 118 PC and recourse because he served his time, there is no remorse on his end, and the alleged victim came forward and stated she wanted to help him get his conviction removed;

(3) testimonial evidence can be misleading or result in conviction as in Petitioner's case, and there was no actual physical evidence that should have resulted in his conviction; (4) under 28 U.S.C. § 2284 and the Texas Penal Code 118(A), he requests a rehearing within 30 days; and (5) he challenges the indictment and judgment based on the new grounds of his alleged victim's statement, and based on his previous claims that the prosecution never had the burden of proof. (*See* doc. 8 at 3-9.)

## II.   NATURE OF SUIT

Petitioner claims that he is filing this action under 28 U.S.C. § 2241. (*See* doc. 8 at 1.) He is in fact challenging his 2005 conviction in Cause No. F03-45525, however, and challenges to state convictions are governed by 28 U.S.C. § 2254. In addition, § 2241(c) provides that habeas relief is not available to a prisoner unless

>   (1)   He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
>   (2)   He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
>   (3)   He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
>   (4)   He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted . . . ; or
>
>   (5)   It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c). Petitioner does not appear to be in custody on his 2005 6-year sentence. If he is, only the third paragraph appears to apply. If he is "in custody in violation of the Constitution or laws or treaties of the United States" for purposes of § 2241(c)(3), he is also in custody for purposes of § 2254. Because "a more specific provision controls a more general provision," *see Carmona v. Andrews*, 357 F.3d 535, 538 (5th Cir. 2004), this action falls under the more specific

3

provision of § 2254 and is therefore construed as arising under that section.

### III. PROPER RESPONDENT

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]'." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004), quoting 28 U.S.C. § 2242; *see also* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("the petition must name as respondent the state officer who has custody" of the petitioner). Generally, the only proper respondent is "'the person' with the ability to produce the prisoner's body before the habeas court." *Padilla*, 542 U.S. at 435. "In habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. . . ." *Id.*

Because Petitioner challenges the legality of his state conviction and sentence under § 2254, either the warden of the institution of incarceration or the chief officer in charge of state penal institutions is a proper respondent. *See* Advisory Committee Notes to Rule 2(a) ("The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions." (internal citation omitted)). A habeas petitioner's failure to name the proper respondent is a procedural rather than a jurisdictional defect that may be corrected by amendment of the petition. *See Flores v. Dretke,* 120 F. App'x 537, 539 (5th Cir. 2005) (noting that district court should have required the petitioner to amend his petition to name the proper custodian to cure what amounted to a mere procedural defect) (citing *West v. Louisiana,* 478 F.2d 1026, 1029-30 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975)).

Petitioner was incarcerated by the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Cause No. F03-45525. *See* https://opublicaccess.

dallascounty.org/PublicAccessEP1/CriminalCourts (last visited Sept. 8, 2020). Therefore, the Clerk of Court should be directed to substitute Director of TDCJ-CID as the proper respondent in this case, and to terminate John Creuzot, District Attorney of Dallas County, as the respondent. *See West*, 478 F.2d at 1031 (noting that the district court would have been justified in treating the habeas petition as if the petitioner had named the proper respondent); *Shackelford v. Thaler*, No. H-11-3322, 2011 WL 4067955, at *1 n. 1 (S.D. Tex. Sept. 13, 2011) (TDCJ-CID Director substituted for state district judge as respondent).

## IV.   JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in an earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single

5

judgment."). A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner has served his sentence and challenges the same conviction that he challenged in a prior federal petition that was denied on its merits. (*See* doc. 8 at 3-9); *See Roberson*, 2007 WL 4373267, at *1-4. Under *Hardemon* and *Crone*, he was required to present all available claims in that petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004), rec. adopted, 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same convictions.

Petitioner's § 2254 petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his initial federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the

application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C). To present a claim in a second or successive habeas petition that was not presented in a prior petition, the petition must show that it is based on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [ ] the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying." 28 U.S.C. § 2244(b)(2). Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2254 motion, it lacks jurisdiction to consider the petition. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).

When a petitioner files a successive petition in district court without complying with § 2244(b)(3), the court may either dismiss the case for lack of jurisdiction or transfer it to the Fifth Circuit. *See id.*; *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving practice of transferring successive motions to the Fifth Circuit and establishing procedures in the Fifth Circuit to handle such transfers). Here, Petitioner attacks the same conviction that he has challenged in several prior habeas petitions, including a prior successive § 2254 petition, and he has already been informed on one prior occasion that he must seek leave from the Fifth Circuit to file a second or successive petition. Dismissal, rather than transfer, is therefore warranted.[2]

## V. RECOMMENDATION

The *Petition for Writ of Habeas Corpus Under 28 U.S.C. Section 2241* should be construed

---

[2] Notably, the Court also lacks jurisdiction to consider the petition because Petitioner was not in custody on the challenged conviction at the time he filed the petition. (*See* doc. 8 at 4, 6.) *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (holding that a petitioner must be in custody at the time the petition is filed for a district court to have jurisdiction over a habeas petition).

7

as a successive petition under 28 U.S.C. § 2254 and **DISMISSED** for lack of jurisdiction without prejudice to the petitioner's right to file a motion for leave to file a successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit. The Court should direct the Clerk of Court to remove DA John Creuzot as a party and to designate the Director, Texas Department of Criminal Justice, Correctional Institutions Division, as the respondent.

**SIGNED this 14th day of September, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE