IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BILLY JOHN ROBERSON,** | § | |
| Petitioner, | § § § | |
| v. | § § | Civil Action No. **3:20-CV-2310-L** |
| **DA JOHN CREUZOT,** | § § § | |
| Respondent. | § § | |

## ORDER

On September 14, 2020, United States Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions, and Recommendation ("Report") (Doc. 11), recommending that the court construe Petitioner Billy John Roberson's ("Petitioner" or "Mr. Roberson") Petition for Writ of Habeas Corpus Under 28 U.S.C. Section 2241 ("Petition") (Doc. 8) as a successive petition under 28 U.S.C. § 2254 because it challenges a state conviction and sentence, and dismiss it without prejudice for lack of jurisdiction.

Specifically, she noted that the court may either dismiss the successive petition for lack of jurisdiction or transfer it to the Fifth Circuit for a determination. She determined, however, that "because Petitioner attacks the same conviction that he has challenged in several prior habeas petitions, including a prior successive § 2254 petition, and [] has already been informed on one occasion that he must seek leave from the Fifth Circuit to file a second or successive petition," dismissal, rather than a transfer, is warranted. Report 7. Further, Magistrate Judge Ramirez determined that the court lacks jurisdiction to consider the Petition because Petitioner was not in custody on the challenged conviction at the time he filed the Petition. *Id.* at n.2. For these reasons, she recommends that the court dismiss without prejudice this action for lack of jurisdiction.

Order – Page 1

Additionally, Magistrate Judge Ramirez highlights that Petitioner improperly named Dallas District Attorney John Creuzot as the respondent in this action instead of the Texas Department of Criminal Justice where he was incarcerated for his state offense. Accordingly, she recommends that the court direct the clerk of court to remove DA John Creuzot as a party and designate the Director, Texas Department of Criminal Justice, Correctional Institutions Division as the respondent. No objections to the Report were filed.

Having reviewed the Petition, record, Report, and applicable law, the court agrees with the findings and conclusions of the Magistrate Judge, and **accepts** them as those of the court. Accordingly, the court **directs** the clerk of court to remove DA John Creuzot as a party and, instead, designate the Director, Texas Department of Criminal Justice, Correctional Institutions Division as the respondent.

The court also determines that Petitioner Billy John Roberson's Petition for Writ of Habeas Corpus Under 28 U.S.C. Section 2241 (Doc. 8) **shall** be construed as a successive Section 2254 petition and is hereby **dismissed without prejudice** for lack of jurisdiction. Petitioner reserves the right to file a motion for leave to file a successive Section 2254 petition in the United States Court of Appeals for the Fifth Circuit.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)  Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 30th day of October, 2020.

Sam A. Lindsay
United States District Judge

---

(b) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

Order – Page 3